PETER T. HOLDREITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holdreith v. Commissioner
Docket No. 23869-88
United States Tax Court
T.C. Memo 1989-449; 1989 Tax Ct. Memo LEXIS 449; 57 T.C.M. (CCH) 1383; T.C.M. (RIA) 89449; August 23, 1989
Peter T. Holdreith, pro se. Timothy S. Sinnott, for the respondent. GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1]
*450 Respondent determined deficiencies of $ 2,190, $ 3,539, and $ 3,647 in petitioner's Federal income taxes for 1983, 1984, and 1985, respectively. The only issue for decision is whether petitioner maintained a "tax home" in North Vernon, Indiana, in the years 1983, 1984, and 1985, and is, therefore, entitled to claim travel expense deductions under section 162. Some of the facts have been stipulated and are so found. Petitioner resided in Westport, Indiana, at the time his petition herein was filed. Our findings of fact and opinion are combined for the purposes of convenience. Petitioner was born in 1957 and was 31 years of age at the date of trial. Petitioner's parents moved to North Vernon, Jennings County, Indiana, from Detroit, Michigan, when petitioner was about 14 years of age. Petitioner was the third oldest of seven children. Petitioner's parents built their residence near the home of petitioner's grandmother, who had moved back from Detroit to her former home in North Vernon after her husband died. When petitioner grew up, he and a sister lived in the grandmother's home for several years because of the extra space, until the grandmother died in 1981. Petitioner *451 returned to his parents' home to live after the grandmother's house was sold. Petitioner finished high school and began working for Shelby Dealer Supply in North Vernon for about 5 years where he built pre-hung doors. Petitioner was then laid off by Shelby and was unemployed for a year. In 1982, petitioner took a non-union job with Leary Construction Company (Leary) located in Greenfield, Indiana. Greenfield is located approximately 60 miles north of North Vernon and 30 miles east of Indianapolis. Petitioner was employed by Leary until 1986. During his employment with Leary, petitioner held the position of painting/welding crew foreman. Petitioner also began a pattern of work for Leary that took him to various job sites located throughout Indiana, as well as other Midwestern and Southern states such as Illinois, Tennessee, Mississippi, Florida, South Carolina, North Carolina and West Virginia. Petitioner would usually work at a job site for 1-2 weeks and then move on to another work location. During the years in issue, petitioner incurred and deducted the following expenses: Item
1983
1984
1985
Meals
$ 8,854
$ 6,205
$ 5,703
Tips
366
-0-  370
Lodging
5,130
6,640
4,726
Vehicle
1,458
1,760
4,293
TOTAL
$ 15,808
$ 14,605
$ 15,092
*452 Respondent disallowed the total travel expenses claimed in 1984 and 1985 and $ 7,839 [2] of the total $ 15,808 claimed in the year 1983, with the following explanation: A) It is determined that your travel expenses, including meals and lodging, while employed by Leary Construction Company Inc. in Greenfield Indiana are not deductible because you moved from job to job, maintaining no fixed place of abode or business locality, each place where you work becomes your principal place of business and your tax home. Section 262 prohibits deductions *453 for personal, living, or family expenses. Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including the cost of meals and lodging, if they are: (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in the pursuit of a trade or business. The purpose behind the deduction is to allow a taxpayer relief for the additional or duplicate expenses incurred while away from home on business. ; , affg. a Memorandum Opinion of this Court; . Respondent does not dispute that petitioner's expenses were "traveling expenses" or were "incurred in pursuit of business." Rather, respondent contends that petitioner's expenses were not incurred while away from home. This presents a factual question as to which petitioner has the burden of proof. ; Rule 142(a). Generally, a taxpayer's "home," for purposes of section 162(a), is the city or location of his principal place of business and *454 not where his or her personal residence is located. . However, an employee without a principal place of business may treat a permanent place of residence at which he incurs substantial continuing living expenses as his tax home. . Nevertheless, where the taxpayer has neither a principal place of business nor a permanent place of residence, he has no tax home from which he can be away. The taxpayer's home is wherever he happens to be. , affd. without published opinion (9th Cir., Dec. 12, 1986); . In this case, petitioner makes no contention that he has a principal place of business at Greenfield, Indiana, the office of his employer. Instead, he asserts in his petition that for the years in issue, he maintained "a place of abode or business locality in North Vernon, Indiana," that living expenses were paid to his parents when he was away from his abode or home on temporary work assignments and that he "had *455 not abandoned the vicinity in which his historical place of lodging and his claimed abode are located." In addition to his parents, three of petitioner's siblings resided in the 4-bedroom, 2-bathroom North Vernon residence. Petitioner had one bedroom, in which he kept his chest of drawers, his bed, and his clothing. Petitioner also kept his pet dog at the North Vernon residence and his family took care of the dog when petitioner was out of town. He also left other personal effects at the North Vernon residence that he used in or around the North Vernon area. For example, petitioner exclusively used his chainsaw to cut firewood that was used to heat the North Vernon residence. Petitioner also kept his Ford Bronco and Dodge truck and his trailer parked at the North Vernon residence, except when he used one of the vehicles in his employment. In 1983, petitioner paid off the balance of a car loan that he received from a North Vernon bank in 1981. From 1984 through 1986, he maintained a savings account at the same North Vernon bank. Petitioner applied for and received Indiana certificates of title for his vehicles and purchased auto insurance from an agent located in North Vernon. *456 In commenting on the reasoning behind the travel expense away from home deduction the Sixth Circuit Court of Appeals stated: The central purpose of the deduction is to allow the taxpayer credit for the additional expenses encountered when he is required to travel for business reasons. If such a traveler has a permanent residence not only must he meet its continuing maintenance expenses, but he must also pay the many expenses necessarily incurred in connection with his employment while on the road. These considerations are of critical importance in determining whether a taxpayer has a home within the meaning of section 162(a)(2). Such objective financial criteria bear a much closer relationship to the underlying purposes of the deduction than do various other indicia of residence evidencing merely a taxpayer's subjective opinion regarding the location of his home. * * * [.] During the years in question, petitioner testified that he sent money home to his parents, on an irregular basis, in the amounts of at least $ 500 for 1983, $ 500 for 1984, and $ 800 for 1985. At times, petitioner would send his paychecks home *457 to his mother who would take from them what she needed for household expenses and deposit the balance in petitioner's savings account. Respondent does not deny that petitioner sent money home to his parents to help defray household expenses. Nevertheless, he argues that petitioner had no rent-paying arrangement with his parents and the amounts petitioner sent home were sporadic and not substantial. We agree. In , a similar case, we held that the taxpayer's "total payment to his parents for the use of a bedroom and bathroom in their house amounts to $ 503 for the taxable year 1981. This token amount together with payments he made for his share of the electric and telephone bills does not constitute substantial, continuing living expenses." (Fn. ref. omitted). In , the taxpayer spent 138 days at his parents' house and 227 days on the road as a truck driver. In this case, petitioner testified that he was "working around home and close to home" for approximately 91, 154, and 125 days in the respective 1983, 1984, and 1985 years. Petitioner's position is further weakened by *458 the fact that when he was working "close to home," for example, in such communities as Osgood, Knightstown and Morgantown, 35, 60, and 45 miles, respectively, from North Vernon, petitioner chose to rent a motel room rather than go home, even on weekends. Petitioner stated that "Sometimes when I felt like it I would go home. But if I didn't, I stayed at the motel. I kept the motel room because it was like an office. I had a place to go, I had a place to go use the phone to call the company." It is apparent that petitioner's contacts with his claimed "tax home" were tenuous at best. Petitioner has failed to demonstrate that he had a "tax home" during the taxable years in issue. Accordingly, he may not deduct any of the travel expense deductions claimed under section 162. [3]
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although in his memorandum of authorities, respondent frames the issue as to the year 1983 to be whether petitioner is entitled to a deduction for travel expenses in the amount of $ 15,808, he is mistaken. Only the amount of $ 7,839 travel expenses was disallowed in respondent's notice of deficiency dated June 14, 1988. Petitioner's amended tax return (Form 1040X) was filed with the Internal Revenue Service on April 17, 1984. On this return, petitioner increased his travel expense deduction claimed from $ 7,839 to $ 15,808. Since respondent failed to request an increased deficiency at trial, only the amount of $ 7,839 is in issue here.↩
3. In view of our decision, it is unnecessary to discuss respondent's alternate contention that petitioner is not entitled to deduct expenses incurred in the area of his claimed "tax home" located in North Vernon, Indiana.↩